**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**RAYNIER PEREZ, on behalf of himself and all**
**other persons similarly situated,**

                                   **COLLECTIVE ACTION**
                      **Plaintiff,**            **COMPLAINT**

         **v.**                              **Case No.**


**COHEN & STEERS CAPITAL MANAGEMENT,**
**INC.,**

                           **Defendant.**
----------------------------------------------------------------x

      Raynier Perez, by and though his undersigned attorneys, for his Complaint,

against Cohen & Steers Capital Management, Inc. (hereinafter "Defendant"), alleges as

follows, on behalf of himself and on behalf of all other persons similarly situated, upon

information and belief:


## NATURE OF ACTION

1.  Plaintiff alleges, on behalf of himself and on behalf of other similarly situated

current and former employees who worked in the title of Help Desk (Desktop Support)

Specialist and/or performed duties the duties of a Help Desk (Desktop Support) Specialist

of Defendant who elect to opt into this action, that he is entitled to: (i) overtime wages

from Defendant for overtime work for which he did not receive overtime premium pay,

as required by the Fair Labor Standards Act §§ 29 U.S.C. 201 et seq. ("FLSA") and

United States Department of Labor, Wage and Hour Division's Regulations Relating to

Labor, Title 29, Subtitle B, Chapter V *et seq.* ("Federal Wage Regulations"); and, (ii)

attorneys fees and costs, interest and liquidated damages pursuant to the FLSA and its Federal Wage Regulations.

2.   Plaintiff alleges, on behalf of himself and on behalf of other similarly situated current and former employees of Defendant who worked in the title of Help Desk (Desktop Support) Specialist and/or performed duties the duties of a Help Desk (Desktop Support) Specialist of Defendant who elect to opt into this action, that he is also entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by New York State's Minimum Wage Act, New York State Labor Law §§ 190 *et seq.* and §§ 650 *et seq.* ("NYLL"), and New York State Department of Labor's Miscellaneous Industries and Occupations Minimum State Wage Order, Part 142 *et seq.* ("State Wage Order"); (ii) damages associated with Defendant's failure to provide him with a notice that was compliant with NYLL §195(1)(a); (iii) damages associated with Defendant's failure to provide him with a statement when he was paid his wages that was compliant with NYLL § 195(3); and, (iv) attorneys fees and costs, interest and liquidated and punitive damages pursuant to the NYLL and the State Wage Order.

## JURISDICTION AND VENUE

3.   Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA, by 28 U.S.C. § 1331, this action arising under the laws of the United States and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

4.   Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5.   This Court has supplemental jurisdiction over state claims raised by virtue of 28 U.S.C. § 1367(a).

6.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred here and the Defendant resides here.

## PARTIES

7.   Plaintiff Raynier Perez, at all relevant times, resided in Bronx County, New York.

8.   Raynier Perez, at all relevant times, was an employee within the meaning of the FLSA, 29 U.S.C. §§ 203 *et seq.,* and the NYLL §§ 190 *et seq.*

9.   Raynier Perez's consent in writing to be a party of this action pursuant to 29 U.S.C. § 216(b) is attached to this complaint and incorporated by reference.

10. Raynier Perez was an employee of Defendant from in or around 2015 through 2017.

11. Raynier Perez and other Help Desk (Desktop Support) Specialists were engaged in commerce while working for Defendant.

12. The term "Plaintiffs" as used in this Complaint refers individually, collectively, or in any combination to Plaintiff and all persons who have worked for Defendant as a Help Desk (Desktop Support) Specialist during the past three years, who were paid on a salary basis, and opt into this action pursuant to the FLSA's collective action provisions, 29 U.S.C. § 216(b).

13. Plaintiff and other Plaintiffs were regularly engaged by Defendant to work more than forty (40) hours in a calendar week without being paid hourly wages or the overtime

premium pay for all the hours that they worked in excess of 40 (forty) hours in a week, as required by the FLSA and the New York State Labor Law.

14. Defendant Cohen & Steers Capital Management, Inc., is a domestic business entity duly existing under the laws of the State of New York.

15. At all relevant times, Defendant was an employer as defined under the FLSA, 29 U.S.C. § 203(d).

16. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

17. Upon information and belief, for each of the three years preceding the filing of the initial complaint herein, Defendant has employed two or more individuals, "handling, selling, or otherwise working on goods or materials that have been moved or produced for commerce."

18. Upon information and belief, at all relevant times Defendant had gross annual revenues in excess of $500,000.

19. Defendant, at all relevant times, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20. At all relevant times, Defendant has been and continues to be an employer as defined under NYLL §§ 2(6), 190(3), and 651(6).

21. Defendant, at all relevant times, maintained its principal place of business in New York County, New York.

## COLLECTIVE ACTION CLAIMS

22. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since November 22, 2014, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

23. The eligible potential Collective Action members are numerous enough that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, most of such persons would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

24. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

25. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual suits make it

virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

26. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a)  Whether the Defendant employed Collective Action Members within the meaning of the FLSA;

    b)  What proof of hours worked is sufficient where the employer fails in its duty to maintain accurate time records;

    c)  Whether the Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek during the Collective Action Period, in violation of the FLSA and the regulations promulgated thereunder;

    d)  Whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

    e)  Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and,

    f)  Whether Defendant should be enjoined from such violations of the FLSA in the future.

27. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

28. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendant as Help Desk (Desktop Support) Specialists and performed the duties of a Help Desk (Desktop Support) Specialists, and who were: (1) subject to a common pay structure; (2) paid a salary; (3) knowingly and willfully deprived of premium overtime pay when they worked more than forty (40) hours in a calendar week; (4) subject to a common unlawful policy and plan to avoid paying overtime wages in violation of the FLSA; and, (5) misclassified as exempt workers.

29. The exact number of such individuals is presently unknown, but is known by Defendant and can be ascertained through the discovery process.

## STATEMENT OF FACT

30. Plaintiff started working for the Defendant on or around December 14, 2015 as a full-time Help Desk (Desktop Support) Specialist and was assigned to work with Defendant's asset management firm.

31. Plaintiff stopped working for Defendant in 2017.

32. Defendants did not track the number of hours that Plaintiff and similarly situated employees prior to 2017.

33. Prior to 2017, Defendant did not provide a time clock, sign-in sheet, or any other method for Help Desk (Desktop Support) Specialist to track the number of hours worked.

34. As Help Desk (Desktop Support) Associate, Plaintiff performed the following duties: (1) respond to telephone calls, emails and personnel requests for technical support; (2) provide support resolving day to day technical issues for users within Defendant's corporate office and remote users, including employees working from home

and also employees in international offices; (3) open and close help desk tickets, including incidents and service requests; (4) provide support over the telephone to remote users and personally to on-site users; (5) perform physical labor to set up, repair, and maintain a wide range of hardware, including telephones, desktops, laptops, and printers; (6) install, repair, and maintain a wide range of software including Bloomberg, Citrix, MS Office, Morningstar Direct, Factset, Salesforce, Mars, Concur, operating systems such as Windows 7, iOs and Android, and provide technical assistance and training to the end-users; (7) work under the supervision of other IT personnel in Networking, Application Development, Business Development and other departments to provide assistance on system maintenance and configuration projects; and, (8) performed rotating on-call after-hours shifts to provide support to off-site users and remote offices.

35. Plaintiff did not have or exercise supervisory authority over other individuals in their capacity as Help Desk Associates during the relevant times.

36. Plaintiff did not have any responsibilities or duties involving the management of Defendant's enterprise or a subdivision thereof during the relevant times.

37. Plaintiff was not involved in any way with the Defendant's decisions to hire or fire employees during the relevant times.

38. Plaintiff did not make recommendations with respect to hiring, advancing, promoting, or changing the status of other employees during the relevant times.

39. Plaintiff did not have disciplinary authority over the Defendant's employees.

40. Plaintiff did not have the authority to approve or disapprove the Defendant's employees' requests for leaves of absence and vacations during the relevant times.

41. Plaintiff was entitled to an overtime premium of time and a half for hours worked in excess of forty (40) in a single workweek.

42. Defendant failed to pay Plaintiff his wages in compliance with federal and state law from during the relevant times by failing to pay him an overtime premium for hours worked in excess of forty (40) in a single workweek.

43. During the relevant times, Defendant suffered or permitted Plaintiff to work over forty (40) hours per week without properly compensating him.

44. During the relevant times, Plaintiff did not enjoy uninterrupted meal or rest periods lasting twenty (20) minutes or more.

45. For example, in or around the workweek beginning on Monday, December 14, 2015, Plaintiff worked more than forty (40) hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty (40) hours.

46. For another example, in or around the workweek beginning on Monday, December 21, 2015, Plaintiff also worked more than forty (40) hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty (40) hours.

47. For another example, in or around the workweek beginning on Monday, December 28, 2015, Plaintiff also worked more than forty (40) hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty (40) hours.

48. For another example, in or around the workweek beginning on Monday, January 4, 2016, Plaintiff also worked more than forty (40) hours in one calendar week without

being paid an overtime rate equal to one and half of his regular hourly rate after working the forty (40) hours.

49. At all relevant times, Defendant knew that Plaintiff was entitled to overtime wages for the hours which Plaintiff worked in excess of forty (40) each workweek.

50. During Plaintiff's employment with Defendant, Defendant willfully, as defined in 29 U.S.C. § 255, refused to pay Plaintiff the statutory overtime amount of one-and-one-half times Plaintiff's regular hourly wage as required by the FLSA, the Federal Wage Regulations, NYLL and12 N.Y.C.R.R. Part 142.

51. At all relevant times, Defendant willfully refused to record, report, credit, and pay Plaintiff for all of the hours that Plaintiff worked, in violation of the FLSA and the Federal Wage Regulations.

52. At all relevant times, Defendant willfully refused to record, report, credit, and pay Plaintiff for all of the hours that Plaintiff worked, in violation of the NYLL and the State Wage Order.

53. At no time did Defendant provide Plaintiff, or other persons similarly situated, with a notice of wages pursuant to NYLL § 195(1)(a), including, but not limited to: (1) his rate of pay, the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, etc.; (2) allowances, if any, claimed as part of the minimum wage; (3) the regular pay day designated by the employer; (4) any "doing business as" names used by the employer; (5) the physical address of the employer's main office or principal place of business and a mailing address if different; and, (6) the telephone number of the employer.

54. During the relevant times, Plaintiff and other persons similarly situated were issued paystubs by Defendant that did not conform to NYLL § 195(3), including, but not limited to accurately stating the number of hours that Plaintiff worked in the pay period.

## FIRST CLAIM OF RELIEF
## FAIR LABOR STANDARDS ACT

55. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to its employees who worked in excess of forty (40) hours per workweek.

57. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and other persons similarly situated, for overtime pay at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq*. and the Federal Wage Regulations.

58. As a result of Defendant's failure to record, report, credit, and/or compensate its employees, including Plaintiff and other persons similarly situated, Defendant failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*. and the Federal Wage Regulations.

59. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

60. Due to Defendant's FLSA violations, Plaintiff and other persons similarly situated are entitled to recover from Defendant unpaid overtime wage compensation and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

61. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

*62.* Defendant willfully violated the rights of Plaintiff and other persons similarly situated by failing to pay minimum overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek as required by NYLL Articles 6 and 19 and their implementing regulations, 12 N.Y.C.R.R. § 142-2, *et seq.*

63. Defendant's failure to pay hourly wages due under NYLL have caused Plaintiff and other persons similarly situated to suffer loss of wages and interest thereon.

64. Defendant's failure to comply with the NYLL minimum wage and overtime protections caused Plaintiff and other persons similarly situated to suffer loss of wages and interest thereon.

65. Defendant's failure to pay proper minimum and overtime wages for each hour worked over forty (40) hours per week was willful within the meaning of NYLL § 663.

66. Due to Defendant's NYLL violations, Plaintiff and other persons similarly situated are entitled to recover from Defendant their unpaid overtime compensation,

liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements in connection with this action, pursuant to NYLL §§ 198 and 663(1).

**THIRD CLAIM FOR RELIEF
NEW YORK STATE LABOR LAW**

67. Plaintiff repeats and re-allege each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

68. Defendant failed to notify Plaintiff and other similarly situated employees in writing at the time of hiring of their rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, allowances, if any, claimed as part of the minimum wage, the regular pay day designated by the Defendant, any "doing business as" names used by the Defendant, the physical mailing address of the Defendant, and the Defendant's telephone number, in violation of NYLL § 195(1)(a).

69. Defendant's NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

70. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant damages in connection with this action, pursuant to NYLL § 198, including $5,000 in statutory damages and attorneys fees.

**FOURTH CLAIM FOR RELIEF
NEW YORK STATE LABOR LAW**

71. Plaintiff repeats and re-allege each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

72. Defendant willfully violated Plaintiff's rights by failing to provide him with a weekly wage statement complaint with NYLL § 195(3).

73. Defendant's NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

74. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant damages in connection with this action, pursuant to NYLL § 198, including $5,000 in statutory damages and attorneys fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

c) An injunction against Defendant and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d) An award of minimum and overtime compensation due under the FLSA and the NYLL;

e)  An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to FLSA § 216;

f)  An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to NYLL;

g)  An award of statutory damages under NYLL § 195(1)(a);

h)  An award of statutory damages under NYLL § 195(3);

i)  An award of prejudgment and post judgment interest;

j)  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

k)  Such other and further relief as this Court deems just and proper.


Date:   November 22, 2017
        New York, New York


The Law Offices of
Fausto E. Zapata, Jr., P.C.

By: _____
Fausto E. Zapata, Jr. (FZ4957)
*Attorneys for Plaintiff*
277 Broadway, Suite 206
New York, NY 10007
Tel. (212) 766-9870