## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into effective April __, 2018 by and between Raynier Perez ("Perez") and COHEN & STEERS CAPITAL MANAGEMENT, INC. ("Defendant") (hereinafter, the Plaintiff and Defendant shall collectively be referred to as the "Parties"), and memorializes a settlement reached after negotiations.

## RECITALS

**WHEREAS**, Plaintiff commenced a civil action against Defendant on November 22, 2017 in the United States District Court for the Southern District of New York, styled *Raynier Perez, on behalf of himself and all other persons similarly situated v. Cohen & Steers Capital Management, Inc.*, Case Number: 17-cv-9195 (KBF)(KNF);

**WHEREAS**, Defendant denies any and all liability and wrongdoing with respect to the Plaintiff's claims; and,

**WHEREAS**, the Parties now desire to settle fully and finally all claims and possible claims that the Parties had, have or may have had against each other, including but not limited to those claims embodied in the aforementioned civil action, without further litigation and without any finding of fact or admission of liability; and,

**NOW, THEREFORE,** for and in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the parties agree as follows:

1. <u>Settlement Payment and Dismissal</u>

In consideration of (i) the releases given by the Plaintiff hereunder as described in Paragraph 2 hereof and (ii) the dismissal of the action with prejudice pursuant to the Voluntary Dismissal With Prejudice attached hereto and made a part hereof as Exhibit "A", Defendants

1



shall pay the total sum of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Amount") which is inclusive of all attorney's fees and costs.

Payment of the Settlement Amount shall be made as follows:

A. One check payable to "Raynier Perez," in the amount of Three Thousand One Hundred Thirty-Three Dollars and Thirty-Five Cents ($3,133.35) representing alleged back wages, for which a Form W-2 will be issued to Perez in the ordinary course of business and from which applicable federal, state and local tax deductions and withholdings will be deducted.

B. One check payable to "Raynier Perez" in the amount of Thirteen Thousand One Hundred Thirty Three Dollars and Thirty-Five Cents ($13,133.35), without withholding taxes or other deductions. With respect to this payment, Three Thousand One Hundred Thirty-Three Dollars and Thirty Five Cents ($3,133.35) is attributed to liquated damages associated with unpaid wages, Five Thousand Dollars ($5,000) is attributed to damages pursuant to New York Labor Law § 195(1)(a), and Five Thousand Dollars ($5,000) is attributed to damages pursuant to New York Labor Law 195(3). Defendant shall report this payment to Raynier Perez on an IRS 1099 Form.

C. One check payable to "The Law Offices of Fausto E. Zapata, Jr., P.C.", in the amount of Eight Thousand Seven Hundred Thirty-Three Dollars and Thirty Cents ($8,733.30) representing attorneys' fees and costs. Defendant shall report this payment to The Law Offices of Fausto E. Zapata, Jr., P.C. on an IRS 1099 Form.

    D. Payment may be sent in any manner, but must be received in the office of Plaintiff's counsel, The Law Offices of Fausto E. Zapata, Jr., Broadway Chambers Building, 277 Broadway, Suite 206, New York, New York 10007, thirty (30) days after one of the following events has occurred: (1) The Court has "So Ordered" the Voluntary Dismissal With Prejudice; (2) the Court has made a finding of fairness in its entirety for this Agreement and the settlement it reflects; or (3) the Court has directed the clerk to close the case.

2. <u>Release.</u>

    a) In exchange for the Settlement Payment and the promises made herein, Plaintiff, on behalf of himself and all of their respective heirs, executors, administrators and assigns, hereby release Defendant, as well as all of its parents, subsidiaries, affiliates, successors-in-interest, predecessors-in-interest, officers, directors, supervisors, heirs, executors, employees, agents and representatives (collectively, "RELEASEES") from ANY AND ALL wage and hour related claims under federal, state or local law or regulation or common law, including but not limited to those claims that arise under the Fair Labor Standards Act and New York State Labor Law which Plaintiff has or may have against the Releasees, whether asserted in this action or not.

    b) This Agreement and Release does not extend to those rights that, as a matter of law, cannot lawfully be waived.

3. <u>Covenant Not to Sue.</u>

    A "covenant not to sue" is a legal term which means that Plaintiff promises not to file a lawsuit (other than the Complaint described above and being dismissed as set forth herein) against Defendant in court. It is different from the Waiver and Release of All Claims contained



in the section above. Besides waiving and releasing the claims covered by the Waiver and Release of All Claims, Plaintiff agrees never to sue Defendant in any court for any claim released in this Agreement. Plaintiff agrees that any such lawsuit, if filed, shall be dismissed, and if any Plaintiff sues Defendant in violation of this Agreement, such Plaintiff shall be liable to Defendant for Defendant's reasonable attorneys' fees and other litigation costs in litigating such a suit. Notwithstanding this Covenant Not to Sue, Plaintiff may bring a claim or lawsuit against Defendant to enforce this Agreement, and may bring any other claim that cannot be waived as a matter of law.

4.  No Admissions.

While agreeing to compromise and settle their disputes, the Parties deny liability to one another. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto.

5.  Satisfaction With Terms and Counsel; Non-Coercion.

This Agreement is entered into by the Parties without duress or undue influence of any kind on the part of any person, firm, or entity, in the free will of the Parties, and in consideration of the receipt of substantial consideration. The Parties acknowledge that they have not entered into this Agreement in reliance upon any inducement, representations or promise not otherwise contained herein, and that this Agreement supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. The Parties have consulted with their attorneys of record in the Action regarding the terms of this Agreement and have resolved any questions they may have as to the meaning, effect or interpretation of this Agreement. The decision of the Parties to enter into this Agreement is a fully informed decision,



and the Parties are aware of the legal and other ramifications of such decision. All parties having been represented by counsel and all counsel having read, discussed, and negotiated the provisions of this agreement at arms' length, ambiguities in this agreement, if any, shall not be resolved against either party as the draftsman hereof.

6.  Legal Fees.

In the event it shall be necessary for any Party hereto to institute or defend a legal action to enforce any of the terms and conditions or provisions contained in this Agreement, or as the result of the breach hereof, the prevailing party in such action or proceeding shall be entitled to the costs and reasonable attorneys' fees incurred in pursuing or defending enforcement.

7.  Governing Law and Jurisdiction.

This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach in the United States District Court for the Southern District of New York.

8.  Invalid Provision.

If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable to any extent, the validity of the remaining parts, terms or provision of this Agreement shall not be affected thereby, and such illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement. The remaining provisions shall nevertheless survive and continue in full force and effect without being invalidated in any way.



9.  Counterparts.

This Agreement may be executed in a number of identical counterparts, and signature by photocopy, facsimile, PDF, or any other consistently reliable means of reproduction shall be treated with the same force and effect as a signed original as against the party to be charged. Notwithstanding the foregoing, each Party shall provide the other Party with a signed original copy of this Agreement.

10. No Amendment or Modification.

This Agreement contains the entire agreement with respect to the subject matter hereof, supersedes all prior agreements and understandings, oral or written, between the Parties hereto, except as set forth herein, and may not be amended or modified orally, but may only be amended or modified by a written instrument signed by the Parties.

11. Review

Plaintiff represent that he has been advised to consult legal counsel regarding this Agreement. Plaintiff further represents that, after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with his counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, he fully understand all of the provisions of this Agreement and has executed the same freely and voluntarily.

**SIGNED AND AGREED TO:**

Dated: 4/27/18

Raynier Perez

**SIGNED AND AGREED TO:**

Dated:_____

                                              COHEN & STEERS CAPITAL MANAGEMENT, INC.

                                              By. _____

                                              Title: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RAYNIER PEREZ, on behalf of himself and all
other persons similarly situated,

                              Plaintiff,

    v.

COHEN & STEERS CAPITAL MANAGEMENT,
INC.,

                             Defendant.
-----------------------------------------------------------------x

Case No.
17 Civ. 09195 (KBF) (KNF)

**VOLUNTARY DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned parties, through their respective counsel, that the above action be and is hereby dismissed with prejudice and without costs to either party. The Court shall retain jurisdiction over the settlement for the purposes of the enforcement of the provisions thereof.

Dated: New York, New York
       April ___, 2018

SEYFARTH SHAW LLP

_____
Loren Gesinsky
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
*Attorneys for Defendant Cohen & Steers Capital Management, Inc.*

THE LAW OFFICES OF FAUSTO E. ZAPATA, JR., P.C.

_____
Fausto E. Zapata, Jr.
277 Broadway, Suite 206
New York, New York 10007
(212) 766-9870
*Attorneys for Plaintiff Raynier Perez*

**SO ORDERED:**

_____
Hon. Katherine B. Forrest
United States District Court Judge

8